# UNITED STATE BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re <u>LESLEY P. CAMPBELL</u><br>         Debtor | ) ) ) | Case No.: 1-14-45990 |
| LESLEY P. CAMPBELL, | ) ) | Chapter 7 |
| Plaintiff, | ) ) | |
| -against- | ) ) | |
| CITIBANK, N.A., THE STUDENT LOAN<br>CORPORATION, and CITIBANK, N.A.<br>THE STUDENT LOAN CORPORATION, | ) ) ) ) | Adv. Proc. No. _____ |
| Defendants. | ) | |

## COMPLAINT IN AN ADVERSARY PROCEEDING

*Jurisdiction*

1. This is an action under the Federal Rules of Bankruptcy Procedure Rule 7001, subsection 6, entitled "a proceeding to determine the dischargeability of a debt."

2. The Court's jurisdiction over this adversary proceeding is derived from its jurisdiction over the property of the above-named debtor in the underlying bankruptcy proceeding, Case Number 1-14-45990, pursuant to 11 U.S.C. Sections 105 and 727, and pursuant to 28 U.S.C. Section 157.

3. The plaintiff, LESLEY P. CAMPBELL, is the debtor in the underlying bankruptcy proceeding, and resides at 301 Sullivan Place, Apartment 3S, Brooklyn, County of Kings, State of New York.

4. The defendant, CITIBANK, N.A., is a creditor, and has a principal place of business at 701 E. 60th Street, Sioux Falls, SD 57104.

5. The defendant, CITIBANK, N.A., has a principal place of business in Sioux Falls, SD.

6. The defendant, THE STUDENT LOAN CORPORATION, is a creditor, and has a principal place of business at 701 E. 60th Street, Sioux Falls, SD 57104.

7. The defendant, THE STUDENT LOAN CORPORATION, has a principal place of business in Sioux Falls, SD.

8. The defendant, THE STUDENT LOAN CORPORATION, has a principal place of business in Des Moines, IA.

9. The defendant, THE STUDENT LOAN CORPORATION, has a principal place of business The Lakes, NV.

10. The defendant, CITIBANK, N.A. THE STUDENT LOAN CORPORATION, is a creditor, and has a principal place of business at 701 E. 60th Street, Sioux Falls, SD 57104.

11. The defendant, CITIBANK, N.A. THE STUDENT LOAN CORPORATION, has a principal place of business in Sioux Falls, SD.

12. The defendant, CITIBANK, N.A. THE STUDENT LOAN CORPORATION, has a principal place of business in Des Moines, IA.

13. The defendant, CITIBANK, N.A. THE STUDENT LOAN CORPORATION, has a principal place of business The Lakes, NV.

*Count I*

14. All above paragraphs relevant hereto are incorporated herein by reference.

15. In or about February, 2009, the defendant, CITIBANK, N.A., loaned $15,900.00 to the plaintiff, (hereinafter the "Loan").

16. In or about February, 2009, the defendant, THE STUDENT LOAN CORPORATION, loaned $15,900.00 to the plaintiff, (hereinafter the "Loan").

17. In or about February, 2009, the defendant, CITIBANK, N.A. THE STUDENT LOAN CORPORATION, loaned $15,900.00 to the plaintiff, (hereinafter the "Loan").

18. The loan was originated and held by the defendant, CITIBANK, N.A., as trustee for the defendant, THE STUDENT LOAN CORPORATION.

19. The loan was originated and held by the defendant, CITIBANK, N.A., as trustee for the defendant, CITIBANK, N.A. THE STUDENT LOAN CORPORATION.

20. The loan was originated by the defendant, CITIBANK, N.A., and assigned to the defendant, THE STUDENT LOAN CORPORATION.

21. The loan was originated by the defendant, CITIBANK, N.A., and assigned to the defendant, CITIBANK, N.A. THE STUDENT LOAN CORPORATION.

22. The defendants have identified the Loan type as "CitiAssist Bar Exam Loan".

23. The Loan was incurred by the plaintiff to pay for a bar study course to study and prepare for the New York State Bar Examination, and for other expenses incurred during the period of time plaintiff prepared for the bar examination.

24. The Loan is not a "Student Loan" as such is defined by Section 523(a)(8) of the United States Bankruptcy Code.

25. The Loan was not made under a government or nonprofit student loan program.

26. The Loan is not a qualified educational loan under section 221(d)(1) of the Internal Revenue Code, for attending an eligible education institution as defined in section 221(d)(2) of the Internal Revenue Code.

27. The Loan was not incurred for costs of attendance as defined in section 472 of the Higher Education Act.

28. The Loan was not educational in nature.

29. Institutions that provide Bar preparation courses, (such as BARBRI), are not eligible education institutions within the meaning of 26 U.S.C.A. 221(d)(1) and (2).

WHEREFORE, plaintiff demands judgment against the defendant herein:

    a.  Determining that the Loan is a dischargeable debt; and

    b.  Such other relief that the court deems just and proper.

Dated: March 9, 2015

LESLEY P. CAMPBELL
Plaintiff
301 Sullivan Place, Apt. 3S
Brooklyn, NY 11225
(347) 616-4254

4