Casey B. Howard
Samantha Ingram
LOCKE LORD LLP
Three World Financial Center
New York, New York 10281
(212) 415-8600
choward@lockelord.com
singram@lockelord.com
*Attorneys for Defendants Citibank, N.A. and*
*The Student Loan Corporation*

**UNITED STATES BANKRUPTCY COURT FOR THE**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Lesley Campbell, <br><br>         Plaintiff, <br><br> v. <br><br>Citibank, N.A.; The Student Loan Corporation; Square Two Financial, Inc.; CACH, LLC; and First Step Group, LLC, <br><br>         Defendants. | Case No. 14-45990 (CEC) <br>Chapter 7 <br><br>Adv. Pro. No. 15-01038 (CEC) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

-i-

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..............................................................................................1

STATEMENT OF FACTS .......................................................................................................2

LEGAL ARGUMENT ..............................................................................................................3

    I.  Standard for Motion to Dismiss. ................................................................................4

    II.  Plaintiff is Not Entitled to a Declaratory Judgment as the Bar Study Loan is an Obligation to Repay Funds Received as an Educational Benefit and is Excepted from Discharge Absent Undue Hardship. .....................................................5

    III. Plaintiff Cannot Maintain Certain Causes of Action Based on Alleged Misrepresentations Made by Defendants as Plaintiff Failed to Show that the Defendants Made Any False Representations. ............................................................8

    IV. Plaintiff Cannot Maintain a Cause of Action Based on a Violation of the Truth in Lending Act as That Cause of Action is Barred by the Applicable Statute of Limitations ..................................................................................................................9

CONCLUSION ........................................................................................................................10

# INDEX OF AUTHORITIES

**Page(s)**

**CASES**

Achtman v. Kirby, McInerney & Squire, LLP,
    464 F.3d 328 (2d Cir. 2006) .................................................................................... 4

Am. Exp. Travel Related Servs. Co. v. Henein,
    257 B.R. 702 (E.D.N.Y. 2001) ............................................................................. 5, 9

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ............................................................................................. 5, 9

In re Baiocchi,
    389 B.R. 828 (Bankr. E.D. Wisc. 2008) ............................................................... 5, 6

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ............................................................................................. 4, 9

In re Brunner,
    831 F.2d 395 (2d Cir. 1987) ..................................................................................... 8

In re Kesler,
    401 B.R. 356 (Bankr. S.D. Ill. 2009) ....................................................................... 7

LaFlamme v. Societe Air Fr.,
    702 F. Supp. 2d 136 (E.D.N.Y. 2010) .................................................................. 4, 9

In re Merhi,
    518 B.R. 705 (Bankr. E.D.N.Y. 2014) .................................................................. 10

Papasan v. Allain,
    478 U.S. 265 (1986) ................................................................................................ 4

Patel v. Contemporary Classics of Beverly Hills,
    259 F.3d 123 (2d Cir. 2001) ..................................................................................... 4

In re Roy,
    No. 08-33318, 2010 WL 1523996 (Bankr. D.N.J. Apr. 15, 2010) ......................... 7

Swiatkowski v. Citibank,
    745 F. Supp. 2d 150 (E.D.N.Y. 2010) ..................................................................... 2

In re Traversa,
    444 Fed. App'x 472 (2d Cir. 2011) .......................................................................... 8


**STATUTES AND RULES**

11 U.S.C. § 523 ................................................................................................passim

11 U.S.C. § 524 ........................................................................................................ 5

15 U.S.C. § 1640 ...................................................................................................... 9

26 U.S.C. § 25A ....................................................................................................... 7

CPLR § 213 ............................................................................................................ 10

Federal Rule of Bankruptcy Procedure 4007 .......................................................... 3

Federal Rule of Bankruptcy Procedure 7001 .......................................................... 3

Federal Rule of Bankruptcy Procedure 7008 .......................................................... 9

Federal Rule of Bankruptcy Procedure 7009 .......................................................... 9

Federal Rule of Bankruptcy Procedure 7012 ...................................................... 1, 4

Federal Rule of Civil Procedure 8 ..................................................................1, 4, 9

Federal Rule of Civil Procedure 9 ..................................................................2, 5, 9

Federal Rule of Civil Procedure 12 ............................................................1, 2, 4, 9

Defendants Citibank, N.A. and the Student Loan Corporation ("Defendants"), by their attorneys, Locke Lord LLP, respectfully submit this Memorandum of Law in support of their motion to dismiss Plaintiff Lesley Campbell's ("Plaintiff") Amended Complaint, and the Declaration of Robert Carson in support thereof, dated October 2, 2015, pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012.

## PRELIMINARY STATEMENT

The Amended Complaint should be dismissed as a matter of law because Plaintiff's alleged causes of action are premised on an erroneous legal conclusion, and, accordingly, fail to state a claim upon which relief could be granted. Student loans are excepted from discharge in bankruptcy, absent undue hardship, pursuant to 11 U.S.C. § 523(a)(8). Under Section 523(a)(8)(A)(ii), "an obligation to repay funds received as an educational benefit" does not require that the obligation either be "made, insured, or guaranteed by a governmental unit" or meet the definition of "qualified education loan" as defined by the Internal Revenue Code. As the loan in question was obtained incident to Plaintiff's status as a student at Pace University Law School, and the loan was obtained for purposes of funding an educational course, the loan is "an obligation to repay funds received as an educational benefit" under the Bankruptcy Code. Plaintiff failed to allege that excepting the loan from discharge would impose an undue hardship. Thus, the loan is non-dischargeable as a matter of law.

Further, Counts Four, Six, and Seven of the Amended Complaint must be dismissed because Plaintiff failed to show that Defendants misrepresented the nature of the loan. The Amended Complaint is devoid of allegations pertaining to a statement or representation made by Defendants as required by Federal Rule of Civil Procedure 8(a)(2). To the extent Plaintiff relies

on representations within the loan application and promissory note that the loan was a student loan, Counts Four, Six, and Seven must fail as a matter of law because the representation that the loan is a student loan is not false. Moreover, Count Six, the cause of action based on fraudulent misrepresentation, is devoid of allegations pertaining to the time, place, and manner of said fraudulent misrepresentation as required by Federal Rule of Civil Procedure 9(b). Due to the fact the loan is non-dischargeable as a matter of law, Plaintiff cannot further amend the complaint to plead any set of facts that would satisfy the applicable pleading standard. Thus, Counts Four, Six, and Seven of the Amended Complaint must be dismissed for failure to state a claim upon which relief could be granted.

Lastly, Counts Four and Six of the Amended Complaint must be dismissed because those causes of action are barred by the applicable statutes of limitations. Accordingly, the Amended Complaint should be dismissed outright with respect to Defendants.

## STATEMENT OF FACTS

According to Plaintiff's Amended Complaint, Plaintiff attended law school at Pace University School of Law from 2006 to 2009. (Am. Compl., ¶ 15.) According to the Amended Complaint, Plaintiff applied for a CitiAssist Bar Exam loan with an alleged initial principal amount of $15,900 (the "Bar Study Loan") from Defendants to finance Plaintiff's preparation for the New York State Bar Examination in or around February 2009.[1] (Am. Compl., ¶ 15.) Plaintiff subsequently used the proceeds of the Bar Study Loan to pay for a Barbri review course and living expenses while studying for the New York State Bar. (Id.)

---

[1]      Defendants' records indicate that the total amount of the Bar Study Loan was $15,000, and not $15,900 as stated in the Amended Complaint. (Declaration of Robert Carson, dated October 2, 2015 ["Carson Dec."], ¶ 8, Ex. A.) Further, Defendants' records indicate that the Bar Study Loan was issued in April 2009. (Carson Dec., ¶¶ 4, 8, Ex. A.) Although the inquiry for a motion under Rule 12(b)(6) is generally restricted to facts contained in the pleadings, certain exceptions apply. Swiatkowski v. Citibank, 745 F. Supp. 2d 150, 162 (E.D.N.Y. 2010) (quotation omitted), aff'd, 446 F. App'x 360 (2d Cir. 2011). The Loan Application and Promissory Note are relevant because Plaintiff "has knowledge or possession" of the application and "relied on it in framing the complaint." Id. The attached documents are referenced by Plaintiff in paragraph 15 of the Amended Complaint. (Am. Compl., ¶ 15.)

In November 2014, Plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy for the Eastern District of New York (the "Petition"). (Id. at ¶ 20.) Attached to the Petition was Schedule F, which listed the Bar Loan as an unsecured, nonpriority debt owed to Defendants, with an unpaid principal amount of $11,163.00. (Id.) On March 11, 2015, the Bankruptcy Court entered an order of discharge in Plaintiff's bankruptcy case (the "Discharge Order"). (Id.)

Plaintiff commenced this adversary proceeding (the "Adversary Proceeding") pursuant to Bankruptcy Rules 4007 and 7001 seeking, inter alia, a determination that the Bar Study Loan was subject to the Discharge Order and not otherwise excepted from discharge pursuant to Section 523(a)(8) of the Bankruptcy Code. Plaintiff also seeks damages from Defendants as a result of alleged misrepresentations made regarding the Bar Study Loan, notably representations that the Bar Study Loan is a student loan and not subject to discharge under the Bankruptcy Code.

## LEGAL ARGUMENT

Plaintiff's Amended Complaint must be dismissed because Plaintiff fails to state a claim upon which relief could be granted. There is no claim because the Bar Study Loan is non-dischargeable in bankruptcy absent a showing of undue hardship and Plaintiff failed to plead undue hardship. First, Plaintiff's claim that the Bar Study Loan was discharged subject to the Discharge Order fails because, contrary to Plaintiff's legal conclusion that the Bar Study Loan is not subject to Section 523(a)(8) of the Bankruptcy Code, the Bar Study Loan represents "an obligation to repay funds received as an educational benefit" specifically excepted from discharge. 11 U.S.C. § 523(a)(8)(A)(ii). Second, Plaintiff's claims that Defendants misrepresented the nature of the Bar Study Loan and its dischargeability are not supported by

fact. Plaintiff failed to plead any specific statement or representation made by either Citibank or the Student Loan Corporation. To the extent that Plaintiff is relying on the loan application and promissory note itself, any statement contained in those documents that tends to show the Bar Study Loan is a "student loan" cannot be the basis for an action based on misrepresentation or fraud because the Bar Study Loan is a student loan of the type that is generally non-dischargeable under Section 523(a)(8) of the Bankruptcy Code as a matter of law.

## I.     Standard for Motion to Dismiss.

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Bankruptcy Rule 7012(b), the Court determines whether a plaintiff has "fail[ed] to state a claim upon which relief can be granted." In doing so, the Court "accept[s] all allegations in the complaint as true and draw[s] all inferences in the non-moving party's favor." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123 (2d Cir. 2001). But "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (alterations in original); see also Papasan v. Allain, 478 U.S. 265, 286 (1986).

The Court must also ensure that the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) are satisfied. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); LaFlamme v. Societe Air Fr., 702 F. Supp. 2d 136, 145-56 (E.D.N.Y. 2010). Although Rule 8(a)(2) does not require detailed factual allegations, it requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. "'[N]aked assertion[s] devoid of 'further factual enhancement'" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). When a Plaintiff alleges fraud, the heightened pleading standards of Federal Rule of Civil Procedure 9(b)

apply. See Am. Exp. Travel Related Servs. Co. v. Henein, 257 B.R. 702, 706 (E.D.N.Y. 2001). To comply with Rule 9(b), "the pleading must set forth the alleged fraudulent statements, identity of the speaker, time and place of the statements, and nature of the misrepresentation." Id. (citing Acito v. IMCERA Group, Inc., 47 F.3d 47, 51-52 (2d Cir. 1995). "[S]tate of mind can be averred generally, must not be mistaken for a license to base claims of fraud on speculation and conclusory allegations." Id. (quotations omitted).

**II.      Plaintiff is Not Entitled to a Declaratory Judgment as the Bar Study Loan is an Obligation to Repay Funds Received as an Educational Benefit and is Excepted from Discharge Absent Undue Hardship.**

Section 524(a)(2) of the Bankruptcy Code states that "[a] discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor. . . ." 11 U.S.C. § 524(a)(2). Section 523(a)(8) of the Bankruptcy Code excepts from discharge certain student loan obligations owed by a debtor. See 11 U.S.C. § 523(a)(8) (2012). Prior to 2005, Section 523(a)(8) excepted from discharge "for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in part or in whole by a governmental unit or nonprofit institution, or for any obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents." See 11 U.S.C. § 523(a)(8) (2000). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") created Section 523(a)(8)(B) of the Bankruptcy Code, in addition to creating subsections under Section 523(a)(8)(A). See In re Baiocchi, 389 B.R. 828, 830 (Bankr. E.D. Wisc. 2008). Following the BAPCPA, Section 523(a)(8) states that:

(a) A discharge . . . does not discharge an individual from any debt –

\*   \*   \*   \*

> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for –
>
> (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>
> (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
>
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual. . . .

11 U.S.C. § 523(a)(8).

Although Plaintiff's Amended Complaint alleges that the Bar Study Loan is not a "qualified education loan" as defined in the Internal Revenue Code, Plaintiff ignores that a debt is not required to be a "qualified education loan" to be excepted from discharge under subsection (A) of Section 523(a)(8). (Am. Compl., ¶¶ 25, 28.) Further, Plaintiff ignores that a debt excepted under Section 523(a)(8)(A)(ii) is not required to be "made, insured, or guaranteed by a governmental unit." (Am. Compl., ¶ 26.) Plaintiff makes the bare assertion that the Bar Study Loan "is not an obligation to repay funds received as an educational benefit, scholarship, or stipend pursuant to section 523(a)(8)(A)(ii)." (Am. Compl., ¶ 27.) In sum, Plaintiff ignores that the intentional "separation of the phrase 'obligation to repay funds received as an educational benefit' from the phrases 'loan made, insured or guaranteed by a governmental unit' and 'program funded in whole or in part by a nonprofit institution' . . . must be read as encompassing a broader range of educational benefit obligations. . . ." In re Baiocchi, 389 B.R. at 831-32 (quoting 11 U.S.C. § 523(a)(8)).

It is clear that the Bar Study Loan at issue is an "educational benefit" not subject to discharge pursuant to Section 523(a)(8)(A)(ii). In <u>In re Skipworth</u>, Adv. Pro. No. 09-80149-JAC, 2010 WL 1417964 (Bankr. N.D. Ala. April 1, 2010), the borrower on a student bar study loan brought an adversary proceeding against Citibank, N.A. seeking a determination that the debt was discharged in the borrower's bankruptcy. After Citibank failed to answer, the borrower moved for a default judgment. <u>Id.</u> at *3. The bankruptcy court denied the motion for default judgment and dismissed the adversary proceeding on the ground that the borrower was not entitled to a declaratory judgment stating that the loan was discharged. <u>Id.</u> at *6. Specifically, the <u>Skipworth</u> Court held that, due to the fact that the loan was "incurred for the purpose of pay for [a] Alabama State bar review course" and that the loan was given "while [the borrower] was enrolled as a third year law student" that "the debtor's obligation to Citibank [was] clearly an obligation to repay funds received as an educational benefit for purposes of § 523(a)(8)(A)(ii)" and, thus, not subject to discharge absent undue hardship. <u>Id.</u> at *4 (quotations omitted).

Similarly, in <u>In re Roy</u>, No. 08-33318, 2010 WL 1523996, at *1 (Bankr. D.N.J. Apr. 15, 2010), the bankruptcy court held that a debt owed to Sylvan Learning Center on account of tutoring services provided to the debtor qualified as "an educational benefit" for purposes of § 523(a)(8)(A)(ii) and, thus, was non-dischargeable in bankruptcy. In <u>In re Kesler</u>, 401 B.R. 356 (Bankr. S.D. Ill. 2009), the bankruptcy court held that amounts paid in connection with a carpentry training program were nondischargeable pursuant to Section 523(a)(8)(A)(ii). In sum, the weight of the case law supports a broad definition of "educational benefit."

While Plaintiff points out that Barbri "is not a Title IV eligible institution as that term is defined in 26 U.S.C. § 25A(f)(2) or Section 481 of the Higher Education Act," that is irrelevant to the analysis of whether a debt is excepted from discharge under Section 523(a)(8)(A)(ii).

(Am. Compl., ¶ 16.) The Bar Study Loan was obtained by Plaintiff based on Plaintiff's status as a law student at Pace University Law School, and was used to pay for a Barbri bar review course in preparation for the New York State bar examination.[2] As such, Plaintiff obtained the Bar Study Loan incident to his status as a law student for the purpose of funding further educational expenses. Thus, the Bar Study Loan represents "an obligation to repay funds received as an educational benefit," and should be excepted from discharge absent a finding of undue hardship. 11 U.S.C. § 523(a)(8)(A)(ii). As the Plaintiff failed to allege that the Bar Study Loan would impose an undue hardship, Plaintiff failed to allege facts sufficient to sustain Counts One and Two of the Amended Complaint as a matter of law.[3]

### III. Plaintiff Cannot Maintain Certain Causes of Action Based on Alleged Misrepresentations Made by Defendants as Plaintiff Failed to Show that the Defendants Made Any False Representations.

Counts Four, Six, and Seven of Plaintiff's Amended Complaint are based on the premise that Defendants made certain representations to Plaintiff that the Bar Study Loan was not dischargeable in bankruptcy. The Amended Complaint is devoid of any factual allegation with respect to the time, place, and nature of any alleged misrepresentation. Under the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure, made applicable by

---

[2] The loan application completed by Plaintiff (the "Loan Application") contains a section for certification "to be completed by the Financial Aid Office" at the applicant's law school. (Carson Dec., Ex. B.) Moreover, the promissory note provided to Plaintiff (the "Promissory Note") states: "I authorize my school to receive, provide, and confirm information regarding my attendance, financial aid, and enrollment status during the term of this Note. I understand that the proceeds of the initial or any subsequent Loan, if approved, must be used for educational purposes and that disbursements will be sent to me or my School on my behalf by check or electronic funds transfer." (Carson Dec., Ex. B.)

[3] In the Second Circuit, undue hardship is defined by the so-called "Brunner" test, which provides that:
  (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;
  (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and
  (3) that the debtor has made good faith efforts to repay the loans.
In re Brunner, 831 F.2d 395, 396 (2d Cir. 1987). A plaintiff has the burden of proving by a preponderance of the evidence each prong of that test. See In re Traversa, 444 Fed. App'x 472, 474 (2d Cir. 2011).

Bankruptcy Rule 7008, Plaintiff failed to plead the facts necessary to survive a motion to dismiss under Rule 12(b)(6). See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); LaFlamme v. Societe Air Fr., 702 F. Supp. 2d 136, 145-56 (E.D.N.Y. 2010).

Further, as the Bar Study Loan is non-dischargeable, absent showing that the loan would impose an undue hardship, Plaintiff cannot maintain Counts Four, Six, and Seven, based on a misrepresentation regarding the dischargeability of the Bar Study Loan because any representation that the Bar Study Loan is a student loan or that it is not subject to discharge absent undue hardship would be true. (Am. Compl., ¶¶ 52-53.)

Additionally, Count Six of the Amended Complaint must be dismissed for failure to comply with the heightened pleading standards applicable to fraud. See Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009; Am. Exp. Travel Related Servs. Co. v. Henein, 257 B.R. 702, 706 (E.D.N.Y. 2001).

Lastly, Plaintiff's Count Seven is based on a claim that Plaintiff lacks standing to bring.

**IV.  Plaintiff Cannot Maintain a Cause of Action Based on a Violation of the Truth in Lending Act as that Cause of Action is Barred by the Applicable Statute of Limitations.**

Plaintiff cannot maintain Count Four, an action for statutory damages under the Truth in Lending Act ("TILA"), as that claim is barred by the applicable statute of limitations. Pursuant to 15 U.S.C. § 1640(e), a cause of action based on a violation of TILA must be brought within one year of the date of occurrence, or one year from the first regular principal payment due on an educational loan. As the Bar Study Loan originated in 2009, and, based on the allegations set forth in the Amended Complaint, the first regular payment became due prior to 2012, Count Four must be dismissed based on Plaintiff's failure to comply with the applicable statute of

limitations.⁴  See In re Merhi, 518 B.R. 705, 716-17 (Bankr. E.D.N.Y. 2014) (dismissing TILA claim based on expiration of the statute of limitations).

## CONCLUSION

For the reasons stated above, the Court should grant Defendants Citibank, N.A. and The Student Loan Corporation's Motion to Dismiss Plaintiff's Amended Complaint.

Dated: New York, New York
October 5, 2015                    */s/ Casey B. Howard*
                                                Casey B. Howard
                                                Samantha Ingram
                                                LOCKE LORD LLP
                                                Three World Financial Center
                                                New York, New York 10281
                                                (212) 415-8600
                                                choward@lockelord.com
                                                singram@lockelord.com
                                                *Attorneys for Defendants Citibank, N.A. and*
                                                *The Student Loan Corporation*

---

⁴     While Defendants' records indicate that the Bar Study Loan was issued in April 2009 (Carson Dec., ¶¶4, 8, Ex. A), Plaintiff alleges that the Bar Study Loan was issued in February 2009 (Am. Comp., ¶ 15).  Since this Adversary Proceeding was filed on March 9, 2009, as pled, and to the extent Plaintiff's allegations in the Amended Complaint relate back to the filing of the Adversary Proceeding, Count Six of the Amended Complaint is also barred by the applicable statute of limitations.  See N.Y. C.P.L.R. § 213(8) (six years statute of limitations for fraud claims).

## CERTIFICATE OF SERVICE

I, SAMANTHA INGRAM, an attorney, hereby certify that on this 5th day of October, 2015, a true and correct copy of the foregoing *Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint* was served via ECF upon all parties registered to receive service via ECF in this case.

*/s/ Samantha Ingram*
Samantha Ingram