Casey B. Howard
Samantha Ingram
LOCKE LORD LLP
3 World Financial Center
New York, New York 10281-2101
Phone: (212) 415-8600
Fax: (212) 812-8398
choward@lockelord.com
singram@lockelord.com
*Counsel for Defendants, Citibank, N.A. and
The Student Loan Corporation*

**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Lesley Campbell,<br><br>               Plaintiff,<br><br>   v.<br><br>Citibank, N.A.; The Student Loan Corporation; Square Two Financial, Inc.; CACH, LLC; and First Step Group, LLC,<br><br>               Defendants. | Case No. 14-45990 (CEC)<br>Chapter 7<br><br>Adv. Pro. No. 15-01038 (CEC) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND
IN RESPONSE TO PLAINTIFF'S OPPOSITION AND THE AMICI OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

LEGAL ARGUMENT ............................................................................................................2

    I.  Plaintiff Cannot Maintain Causes of Action Based on Alleged Misrepresentations Made by Defendants as Plaintiff Failed to Show that Defendants Made Any False Representations. ...........................................................3

        A.    Plaintiff Has Not Pleaded With Plausibility and Specificity as Required by the Federal Rules of Civil Procedure.....................................4

        B.    A Representation that the Bar Study Loan Was Non-Dischargeable Is Not a Basis for Fraudulent Misrepresentation as a Matter of Law. ..............................................................................................................6

            i.    The Term "Educational Benefit" Cannot Have the Definition Suggested by Plaintiff and the Amici Curiae Following the 2005 BAPCPA Amendments to Section 523(a)(8). .....................................................................................8

            ii.    Plaintiff Misconstrues Defendants' Argument that the Bar Study Loan was a Benefit Received as a Result of Plaintiff's Educational Status. .....................................................10

    II.  Defendants Have Met Their Burden to Show that the Bar Study Loan Was Non-Dischargeable Absent Undue Hardship. ...........................................................11

    III. Plaintiff's Cause of Action based on a TILA Violation is Barred by the Applicable Statutes of Limitations. ..........................................................................12

    IV. Plaintiff Lacks Standing to Raise a Claim for Unjust Enrichment............................13

CONCLUSION...................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

<span style="font-variant:small-caps">Cases</span>

Achtman v. Kirby, McInerney & Squire, LLP,
 464 F.3d 328 (2d Cir. 2006) .............................................................................11

In re Alibatya,
 178 B.R. 335 (Bankr. E.D.N.Y. 1995) ...............................................................9

Am. Exp. Travel Related Servs. Co. v. Henein,
 257 B.R. 702 (E.D.N.Y. 2001) ...........................................................................4

Ashcroft v. Iqbal,
 556 U.S. 662 (2009) .............................................................................................5

In re Baiocchi,
 389 B.R. 828 (Bankr. E.D. Wisc. 2008)..........................................................8, 9

Bell Atl. Corp. v. Twombly,
 550 U.S. 544 (2007) ...........................................................................................11

In re Brunner,
 831 F.2d 395 (2d Cir. 1987) ........................................................................11, 12

Caputo v. Pfizer,
 267 F.3d 181 (2d Cir. 2001) ................................................................................6

In re Christoff,
 510 B.R. 876 (N.D. Cal. 2014) ..........................................................................10

In re Christoff,
 527 B.R. 624 (B.A.P. 9th Cir. 2015)..............................................................9, 11

Congress Fin. Corp. v. John Morrell & Co.,
 790 F. Supp. 459 (S.D.N.Y. 1992)......................................................................6

Cortec Indus., Inc. v. Sum Holding L.P.,
 949 F.2d 42 (2d Cir. 1991) ..................................................................................6

Desyatnikov v. Credit Suisse Grp., Inc.,
 No. 10-CV-1870 DLI VVP, 2012 WL 1019990 (E.D.N.Y. Mar. 26, 2012)...........................7

In re Kesler,
 401 B.R. 356 (Bankr. S.D. Ill. 2009)...............................................................7, 9

McAnaney v. Astoria Fin. Corp.,
    357 F. Supp. 2d 578 (E.D.N.Y. 2005)...................................................................................12

In re Monahan Ford Corp. of Flushing,
    340 B.R. 1 (Bankr. E.D.N.Y. 2006)......................................................................................6

Moy v. Adelphi Inst., Inc.,
    866 F. Supp. 696 (E.D.N.Y. 1994)........................................................................................6

New Hampshire v. Maine,
    532 U.S. 742 (2001)..............................................................................................................7

In re Nunez,
    527 B.R. 410 (Bankr. D. Or. 2015).......................................................................................9

RadLAX Gateway Hotel, LLC v. Amalgamated Bank,
    132 S. Ct. 2065 (2012)..........................................................................................................8

In re Roy,
    No. 08-33318, 2010 WL 1523996 (Bankr. D.N.J. Apr. 15, 2010).....................................7, 9

In re Skipworth,
    Adv. Pro. No. 09-80149, 2010 WL 1417964 (Bankr. N.D. Ala. April 1, 2010)......7, 9, 10, 11

In re Sofer,
    507 B.R. 444 (Bankr. E.D.N.Y. 2014)......................................................................13, 14, 15

In re Traversa,
    444 Fed. App'x 472 (2d Cir. 2011).......................................................................................11

Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.,
    454 U.S. 464 (1982)..............................................................................................................13

Weil v. Long Island Sav. Bank, FSB,
    77 F. Supp. 2d 313 (E.D.N.Y. 1999)....................................................................................12

Zerilli-Edelglass v. New York City Transit Auth.,
    333 F.3d 74 (2d Cir. 2003)...................................................................................................12

**STATUTES AND RULES**

11 U.S.C. § 523(a)(8)...........................................................................................................passim

15 U.S.C. § 1640(e)..................................................................................................................12

Federal Rule of Civil Procedure 8(a)(2)...........................................................................2, 4, 5, 6

Federal Rule of Civil Procedure 9(b).................................................................................2, 3, 4, 6

**OTHER AUTHORITIES**

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ............................... 8, 9

Fed. Debt Collection Proc. Hearing on Pub. L. 101-647, H. Subcomm. on Econ. &
  Commercial L., H. Judiciary Comm., 101st Cong. 74-75 (June 14, 1990) ............................. 8

Defendants Citibank, N.A. and the Student Loan Corporation ("Defendants"),[1] by their attorneys, Locke Lord LLP, respectfully submit this Reply Memorandum of Law in support of their Motion to Dismiss Plaintiff Lesley Campbell's ("Plaintiff") Amended Complaint and in response to Plaintiff's Opposition to Defendants' Motion to Dismiss and the Brief of Amici Curiae New York City Bankruptcy Assistance Project, MFY Legal Services, Inc. and New York Legal Assistance Group in Opposition to Defendants' Motion to Dismiss.

## PRELIMINARY STATEMENT

Defendants are not seeking any recovery, monetary or otherwise, from Plaintiff on account of the subject student loan. In fact, Defendants do not have an interest in the student loan, and have not had an interest in the student loan since it was sold in 2013. The First and Second Causes of Action, seeking a determination of dischargeability and declaratory judgment, should be dismissed as against Defendants on this fact alone.

Moreover, the remaining claims, which seek monetary recovery from Defendants for alleged representations made to Plaintiff, should be dismissed as a matter of law because Plaintiff's causes of action are premised on erroneous legal conclusions, and accordingly, fail to state a claim upon which relief could be granted. The fact remains that student loans are excepted from discharge in bankruptcy, absent undue hardship, pursuant to 11 U.S.C. § 523(a)(8). Neither Plaintiff nor the Amici have properly refuted this fact, nor can they. Under Section 523(a)(8)(A)(ii), "an obligation to repay funds received as an educational benefit" does not require that the obligation be "made, insured, or guaranteed by a governmental unit" or meet the definition of "qualified education loan," as defined by the Internal Revenue Code. Since the loan in question was obtained incident to Plaintiff's status as a student at Pace University Law

---

[1]    Square Two Financial, Inc., CACH, LLC and First Step Group, LLC, who are also named as defendants in this case, submitted an answer to Plaintiff's Amended Complaint on October 6, 2015 [Docket No. 19] and did not join Defendants Citibank, N.A.'s and the Student Loan Corporation's Motion to Dismiss.

School and for the purpose of funding an educational course, the loan is "an obligation to repay funds received as an educational benefit" under the Bankruptcy Code. Plaintiff failed to allege that excepting the loan from discharge would impose an undue hardship. Thus, the loan is non-dischargeable as a matter of law.

Further, Counts Four, Six, and Seven of the First Amended Complaint must be dismissed because Plaintiff failed to show that Defendants misrepresented the nature of the loan. The First Amended Complaint is devoid of allegations pertaining to a statement or representation made by Defendants as required by Federal Rule of Civil Procedure 8(a)(2). Moreover, Plaintiff's conclusory statements lack any allegations pertaining to the time, place, and manner of said fraudulent misrepresentation, as required by Federal Rule of Civil Procedure 9(b). Notwithstanding Plaintiff's attempt to bolster her pleadings through statements made in her Opposition, the factual allegations in Plaintiff's Amended Complaint remain woefully deficient. Granting Plaintiff leave to re-plead would be futile as Plaintiff cannot plead any set of factual allegations that would transform her claims from "possible" to "probable," as required under the applicable federal pleading standards. Thus, Counts Four, Six, and Seven of the Amended Complaint must be dismissed for failure to state a claim upon which relief could be granted.

Lastly, Count Four of the Amended Complaint must be dismissed because that cause of action is barred by the applicable statute of limitations. Accordingly, the Amended Complaint should be dismissed outright with respect to Defendants.

## **LEGAL ARGUMENT**

Plaintiff's Amended Complaint must be dismissed because Plaintiff fails to state a claim upon which relief could be granted. Plaintiff is not entitled to a determination that the Bar Study

Loan[2] is discharged because the Bar Study Loan is a non-dischargeable student loan as a matter of law.  Moreover, Plaintiff is not entitled to a declaratory judgment against Defendants as Defendants have no interest in the Bar Study Loan, and have not had an interest since 2013. Further, Plaintiff's claims for fraudulent misrepresentation and unjust enrichment must be dismissed for failure to state a cause of action.  These claims should be dismissed with prejudice as Plaintiff cannot point to any possible allegation that she could plead, in good faith, that would cure the Amended Complaint's deficiencies.  Further, Plaintiff's TILA claim is barred by the applicable statute of limitations.  For the foregoing reasons, the Court should dismiss with prejudice Plaintiff's Amended Complaint in its entirety with respect to Defendants.

**I.      Plaintiff Cannot Maintain Causes of Action Based on Alleged Misrepresentations Made by Defendants as Plaintiff Failed to Show that Defendants Made Any False Representations.**

Plaintiff cannot maintain a cause of action based on fraudulent misrepresentation given the allegations set forth in the Amended Complaint.  The allegations contained in the Amended Complaint are woefully deficient and fail to meet the heightened pleading standards of Rules 8(a) and 9(b).  Further, Plaintiff's claim should be dismissed with prejudice as Plaintiff has not indicated any plausible set of facts that she could plead to state a colorable claim for fraudulent misrepresentation against Defendants.  Plaintiff only points to the Loan Application and Promissory Note's references to the Bar Study Loan as a "student loan," but this representation cannot provide a basis for Plaintiff's fraudulent misrepresentation claim as this representation is true as a matter of law.

Moreover, even if Plaintiff can plead that Defendants represented that the Bar Study Loan is non-dischargeable, that representation cannot provide a basis for a claim of fraudulent

---

[2]      Capitalized terms not otherwise defined herein shall be defined as set forth in Defendants' Motion to Dismiss.

misrepresentation as the Bar Study Loan is non-dischargeable as a matter of law. Defendants have provided case law to support its assertion that the Bar Study Loan represents "an obligation to repay funds received as an educational benefit" specifically excepted from discharge, 11 U.S.C. § 523(a)(8)(A)(ii), and Plaintiff has failed to cite any applicable cases with contrary holdings.

### A.  Plaintiff Has Not Pleaded With Plausibility and Specificity as Required by the Federal Rules of Civil Procedure.

Count Six, Plaintiff's claim for fraudulent misrepresentation, based on Plaintiff's failure to comply with Rule 8(a)'s plausibility standard and Rule 9(b)'s heightened pleading standard should be dismissed. Despite ample opportunity to respond to Defendants' arguments, Plaintiff has simply reiterated its contention that the Amended Complaint complies with Rules 8(a) and 9(b) (see Opp. Br. at pp. 14-15), and requested leave to re-plead should this Court dismiss Count Six. (See Opp. Br. at pp.6-7.) Plaintiff provides no substantive argument in favor of retaining the claim.

To comply with Rule 9(b), "the pleading must set forth the alleged fraudulent statements, identity of the speaker, time and place of the statements, and nature of the misrepresentation." Am. Exp. Travel Related Servs. Co. v. Henein, 257 B.R. 702, 706 (E.D.N.Y. 2001) (citing Acito v. IMCERA Grp., Inc., 47 F.3d 47, 51-52 (2d Cir. 1995). "[S]tate of mind can be averred generally, must not be mistaken for a license to base claims of fraud on speculation and conclusory allegations." Id. (quotations omitted). Plaintiff's only allegation with respect to a representation made by Defendants is that "Defendants have classified and represented the [Bar Study Loan] as a non-dischargeable student loan." (Am. Compl. ¶52.)[3] This statement does not

---

[3]      In her Opposition, Plaintiff also asserts that Defendants represented the Bar Study Loan as a student loan to various credit agencies in October 2012, and to CACH, LLC during the sale of the Bar Study Loan in December 2013. (See Opp. Br at pp. 14-15; see also Am. Compl ¶¶ 18-19.) Notwithstanding the fact that these allegations fail

identify the speaker, the time and place of the representation, or the nature of the representation made by the speaker.  As this is the only allegation contained in the Amended Complaint containing a representation made by any party, Plaintiff's claim for fraudulent misrepresentation fails.

Plaintiff's Opposition attempts to clarify that the subject statement was made by "SLC and Citibank" and that the representations were made "in the promissory note dated on April 19, 2009"; however these allegation are not contained within the Amended Complaint. (See Opp. Br. at p. 14.)   Moreover, even if they were, these allegations are not helpful to Plaintiff's claim. There is nothing contained in the Promissory Note that characterizes the loan as non-dischargeable.

Rule 8(a) requires this Court to differentiate between plausible conduct and possible conduct, and this Court must find that a complaint alleges plausible conduct to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (quotations omitted).  The only statements contained in the Promissory Note that Plaintiff can point to are that the full title of the Promissory Note is "Master Student Loan Promissory Note" and that the Promissory Note makes reference to the Bar Study Loan as a student loan. (See Am. Compl. ¶ 15.)  Thus, Plaintiff's entire fraudulent misrepresentation claim hinges on the definition of a "student loan."  Plaintiff baselessly alleges that Defendants knowingly or recklessly characterized the Bar Study Loan as a student loan for

to comply with Rule 9(b), the alleged statements were made over two years after the alleged fraudulent misrepresentation occurred.  Thus, these alleged misrepresentations cannot support Plaintiff's claim.

the purposes of inducing Plaintiff to enter into said loan. (See Am. Compl. ¶¶ 52-55.)  Plaintiff

asks this Court to find that a reasonable person would ascribe non-dischargeability as a

characteristic to any and all student loans, and that a reasonable person would rely on that

representation as justification for entering into a loan agreement.  Plaintiff asks this Court to find

these allegations plausible as a matter of law; however, Plaintiff is asking the Court to make a

leap of faith that the factual allegations simply do not support.[4]

Accordingly, Count Six must be dismissed for failure to state a cause of action under

Rule 8(a)'s plausibility standard and Rule 9(b)'s heightened pleading standard.  Moreover, Count

Six should be dismissed with prejudice as an amendment of Count Six would be futile.[5]

### B.    A Representation that the Bar Study Loan Was Non-Dischargeable Is Not a Basis for Fraudulent Misrepresentation as a Matter of Law.

Plaintiff's only allegation relating to non-dischargeability is that Defendants "classified

and represented the [Bar Study Loan] as a non-dischargeable student loan."  (See Am. Compl.

¶ 52.)  While this allegation clearly does not satisfy Rule 9(b)'s heightened pleading standards,

Plaintiff's Opposition states that the representation was made in the Promissory Note itself.  This

is a misrepresentation by Plaintiff.  Defendants have produced the Promissory Note for this

Court's review, and nothing in the Promissory Note refers to the non-dischargeability of the Bar

Study Loan. (See Carson Dec., Ex. B.)  While at this stage the Court must draw all reasonable

---

[4]    "The standard for materiality is whether or not 'a reasonable man would attach importance [to the fact misrepresented] in determining his choice of action in the transaction in question.'" Congress Fin. Corp. v. John Morrell & Co., 790 F. Supp. 459, 470 (S.D.N.Y. 1992) (quoting List v. Fashion Park, Inc., 340 F.2d 457, 462 (2d Cir. 1965)); accord Moy v. Adelphi Inst., Inc., 866 F. Supp. 696, 705-06 (E.D.N.Y. 1994).

[5]    Leave to re-plead is granted freely unless the plaintiff has acted in bad faith or the amendment would be futile. See, e.g., Caputo v. Pfizer, 267 F.3d 181, 191 (2d Cir. 2001); In re Monahan Ford Corp. of Flushing, 340 B.R. 1, 20 (Bankr. E.D.N.Y. 2006).  The Second Circuit's practice of freely granting leave to re-plead should not be mistaken for a license to conduct a fishing expedition.  Plaintiff has not, and cannot, direct this Court to any other representations made by Defendants other than those contained in the Loan Application and Promissory Note. (See Opp. Br. at pp. 14-15.)  The representation that the Bar Study Loan is a student loan cannot provide a colorable basis for a fraudulent misrepresentation claim.  Granting Plaintiff leave to amend her complaint to include the "specificity" set forth in her Opposition would impose an undue burden on Defendants, resulting in an unnecessary waste of time and resources and in any event, would still not satisfy the applicable pleading standards.

inferences in favor of Plaintiff, the Court is not required to accept factual allegations that are contrary to documents relied on in the allegations. Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) (permitting defendants to produce contract to contradict allegations made concerning the language of the contract). Moreover, the Court should not permit discovery to allow Plaintiff to embark on a fishing expedition in an attempt to delay the disposition of this matter as to the moving Defendants. Desyatnikov v. Credit Suisse Grp., Inc., No. 10-CV-1870 DLI VVP, 2012 WL 1019990, at *2 (E.D.N.Y. Mar. 26, 2012) (holding that permitting plaintiff discovery in lieu of dismissal "would be permitting a fishing expedition").

Even if Plaintiff could put forth factual allegations supporting her argument that Defendants represented the Bar Study Loan as non-dischargeable, any such allegation would not support a claim of fraudulent misrepresentation because the Bar Study Loan is non-dischargeable as a matter of law under Section 523(a)(8) of the Bankruptcy Code.[6] Defendants' interpretation of Section 523(a)(8)(A)(ii) is supported by a plain language reading of an unambiguous statue, and is the only reading supported by the case law that is directly on point with regard to this type of loan. See In re Skipworth, Adv. Pro. No. 09-80149-JAC, 2010 WL 1417964 (Bankr. N.D. Ala. April 1, 2010) (applying section to bar study loan); see also In re Roy, No. 08-33318, 2010 WL 1523996, at *1 (Bankr. D.N.J. Apr. 15, 2010) (applying section to tutoring services); In re Kesler, 401 B.R. 356 (Bankr. S.D. Ill. 2009) (applying section to carpentry training). Neither Plaintiff nor the Amici Curiae can set forth any case law directly contradicting Defendants' position that Section 523(a)(8)(A)(ii) applies to bar study loans. In an unsuccessful attempt to rebut Defendants' case law, which is directly on point, Plaintiff and the Amici Curiae rely on a

---

[6]     Plaintiff also alleges that Defendants are estopped from denying that the Bar Study loan is a non-dischargeable student loan. (See Opp. Br. at p. 14.) The doctrine of judicial estoppel traditionally applies to a situation in which a party takes a position clearly inconsistent with a prior position and the party was successful on the prior position in that prior proceeding. New Hampshire v. Maine, 532 U.S. 742, 750 (2001). Plaintiff's assertion that Defendants are judicially estopped from any argument at this point in time is without merit.

mixture of pre-BAPCPA case law not directly on point, rules of statutory interpretation inapplicable to this statute, and general public policy arguments.  For the reasons set forth below, their arguments must fail.

> **i.    The Term "Educational Benefit" Cannot Have the Definition Suggested by Plaintiff and the Amici Curiae Following the 2005 BAPCPA Amendments to Section 523(a)(8).**

Both Plaintiff and the Amici Curiae argue that the term "educational benefits" should be limited by language outside the text of Section 523(a)(8)(A)(ii).  Both parties reference the legislative history to argue that "educational benefit" was introduced into Section 523(a)(8) to protect government VA benefits.  See Fed. Debt Collection Proc. Hearing on Pub. L. 101-647, H. Subcomm. on Econ. & Commercial L., H. Judiciary Comm., 101st Cong. 74-75 (June 14, 1990). Prior to BAPCPA, "educational benefit" was within the same subsection as other references to governmental or non-profit programs. See 11 U.S.C. § 523(a)(8) (2000).  Thus, the historical underpinnings of the significance of the phrase matched its plain textual application.

Once the phrase was divorced from any reference to governmental or non-profit programs through BAPCPA, the interpretation of "educational benefit" necessarily changed. See generally In re Baiocchi, 389 B.R. 828, 830 (Bankr. E.D. Wisc. 2008) (discussing the impact of BAPCPA on § 523(a)(8)).  To adopt any interpretation of "education benefit" that would require Defendants to show the monies originated from a governmental or non-profit source, or to show that the monies were obtained for the purpose of attending a Title IV eligible institution, would transform the disjunctive "or" into a conjunctive "and," thus requiring Defendants to meet more than one prong of Section 523(a)(8).  This type of interpretation of the Bankruptcy Code was unanimously rejected by the Supreme Court in RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 132 S. Ct. 2065, 2072 (2012).

Tellingly, Plaintiff and the Amici Curiae cite only one post-BAPCPA case adopting their interpretation of Section 523(a)(8)(A)(ii). See In re Nunez, 527 B.R. 410, 415 (Bankr. D. Or. 2015);[7] but see In re Baiocchi, 389 B.R. 828, 831-32 (Bankr. E.D. Wisc. 2008) (finding that subsection (a)(8)(A)(ii) "must be read as encompassing a broader range of educational benefit obligations" post-BAPCPA); Skipworth, 2010 WL 1417964 (applying section to bar study loan); see also Roy, 2010 WL 1523996, at *1 (applying section to tutoring services); Kesler, 401 B.R. 356 (applying section to carpentry training). Plaintiff even cites case law contrary to the novel interpretation set forth in Nunez in her Opposition. (See Opp. Br. at p. 9, n. 36); see also In re Christoff, 527 B.R. 624, 634 (B.A.P. 9th Cir. 2015) ("Put another way, 'new' § 523(a)(8)(A)(ii), now standing alone, excepts from discharge only those debts that arise from 'an obligation to repay funds received as an educational benefit,' and must therefore be read as a separate exception to discharge as compared to that provided in § 523(a)(8)(A)(i) for a debt for an "educational overpayment or loan" made by a governmental unit or nonprofit institution or, in § 523(a)(8)(B), for a "qualified education loan."). The term "educational benefit" must have an interpretation independent of its historical roots, otherwise the sectional distinctions created by BAPCPA would be rendered meaningless.

Accordingly, even if Plaintiff could show that Defendants characterized the Bar Study Loan as non-dischargeable, that representation cannot provide the basis for Plaintiff's fraudulent misrepresentation claim as the Bar Study Loan is a non-dischargeable student loan as a matter of law.

---

[7]    In her Opposition, Plaintiff also relies on language from In re Alibatya, 178 B.R. 335, (Bankr. E.D.N.Y. 1995), to support her argument that "educational benefit" should not encompass the Bar Study Loan. This pre-BAPCPA case held that the past due rent owed by the debtor on a university-owned apartment was not excepted from discharge. Id. at 337. Alibatya offers no guidance to the Court as this Adversary Proceeding involves a different type of debt examined under a different version of the statute.

## ii.    Plaintiff Misconstrues Defendants' Argument that the Bar Study Loan was a Benefit Received as a Result of Plaintiff's Educational Status.

Plaintiff fundamentally misconstrues Defendants' argument.   Plaintiff argues that Defendants' interpretation of "educational benefit" would render Section 523(a)(8)(B) superfluous in that any loan for a for-profit institution not excepted from discharge under subsection (B) would be excepted under subsection (A)(ii). (Opp. Br. at pp. 8-9.)  However, the benchmark is not that the Bar Study Loan was used to pay for Plaintiff's Barbri course—it is that Plaintiff's status as a law student was a necessary prerequisite to Plaintiff's ability to obtain the Bar Study Loan.   As such, the Bar Study Loan was obtained as a benefit to Plaintiff's educational status and the proceeds of the Bar Study Loan were used for an educational purpose. Hence, the Bar Study Loan is an "obligation to repay funds received as an educational benefit." 11 U.S.C. § 523(a)(8)(A)(ii).  This interpretation of Section 523(a)(8) is reasonable and entirely consistent with both the language of the statute and the case law directly on point. See In re Skipworth, 2010 WL 1417964 at *3.

Plaintiff also argues that the definition of "educational benefit" must be interpreted as "payments made by the an [sic] employer, state, or an insurance company" under the principle of statutory construction noscitur a sociis.  (Opp. Br. at 9.)  Notwithstanding the logic—or illogic— behind why payments from an insurance company have anything to do with student loans, Plaintiff's argument suffers from the same fatal flaw as its last argument.  The Bar Study Loan is a "benefit" that Plaintiff "received" as a result of her enrollment status at Pace University School of Law, which was a necessary condition precedent to qualification for the loan.[8]

---

[8]    In fact, the only case cited on this point in Plaintiff's Opposition does not support her interpretation of the section at all. (Opp. Br. at p. 9); see also In re Christoff, 510 B.R. 876, 882 (N.D. Cal. 2014), aff'd, 527 B.R. 624 (B.A.P. 9th Cir. 2015).  As correctly noted by the Bankruptcy Appellate Panel affirming the bankruptcy court's decision, the case, which involved tuition credits provided in exchange for a promissory note, turned on the fact that

Accordingly, even if Plaintiff could show that Defendants characterized the Bar Study Loan as non-dischargeable, that representation cannot provide the basis for Plaintiff's fraudulent misrepresentation claim because the Bar Study Loan is a non-dischargeable student loan as a matter of law.

## II.    Defendants Have Met Their Burden to Show that the Bar Study Loan Was Non-Dischargeable Absent Undue Hardship.

Defendants have shown that bar study loans are specifically excepted from discharge under Section 523(a)(8)(A)(ii), see Skipworth, 2010 WL 1417964, and Plaintiff has failed to directly controvert Defendants' argument.[9]  Once a loan qualifies as a student loan under one of the three prongs set forth in Section 523(a)(8), a plaintiff must show that excepting such debt from discharge would impose an undue hardship on the debtor. See 11 U.S.C. § 523(a)(8).  In the Second Circuit, undue hardship is defined by the "Brunner" test, which provides:

(1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;

(2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

(3) that the debtor has made good faith efforts to repay the loans.

In re Brunner, 831 F.2d 395, 396 (2d Cir. 1987).  A plaintiff has the burden of proving by a preponderance of the evidence each prong of that test. See In re Traversa, 444 Fed. App'x 472, 474 (2d Cir. 2011).  Plaintiff here has failed to allege any facts showing that excepting the Bar

---

the funds in question were never received by the debtor. Christoff, 527 B.R. at 635 ("Simply put, because Debtor did not actually receive any funds, Meridian's debt is not excepted from discharge under § 523(a)(8)(A)(ii).").

[9]      At the motion to dismiss stage, the Court is not required to accept a plaintiff's legal conclusions as true. See Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Plaintiff's legal conclusions as to why Section 523(a)(8)(A)(ii) does not apply to the Bar Study Loan are premised on the Bar Study Loan's failure to comply with the requirements of either Section 523(a)(8)(A)(i) or 523(a)(8)(B).

Study Loan from discharge would impose an undue hardship under the <u>Brunner</u> test. Accordingly, Counts One and Two of Plaintiff's Amended Complaint must be dismissed as a matter of law.

### III.    Plaintiff's Cause of Action based on a TILA Violation is Barred by the Applicable Statutes of Limitations.

Plaintiff's TILA claim must be dismissed as that claim is barred by the applicable statute of limitations.  TILA claims are governed by a one-year statute of limitations.  <u>See</u> 15 U.S.C. § 1640(e).  At the latest, Plaintiff's TILA claim accrued one year after the date the first payment on the Bar Study Loan became due.  Plaintiff's First Amended Complaint states that the Plaintiff made payments "diligently and promptly" until June 2012. (Am. Compl. ¶ 17).  Thus, Plaintiff's cause of action based on an alleged TILA violation is now barred by the statute of limitations. Moreover, Plaintiff has not and cannot show the conditions necessary to warrant application of equitable tolling.

The doctrine of equitable tolling "is only appropriate in rare and exceptional circumstances."  <u>Zerilli-Edelglass v. New York City Transit Auth.</u>, 333 F.3d 74, 80 (2d Cir. 2003) (quotations omitted).  This Court must consider "whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." <u>Id.</u> at 80-81.  Plaintiff has not made any showing that she acted with reasonable diligence and has not shown any extraordinary circumstances warranting the application of equitable tolling.[10]  The only representation made by Defendants is that the Bar

---

[10]    The cases Plaintiff cites involve either a scheme to charge mortgagors unlawful fees before refunding some but not all fees when those fees were objected to, <u>see</u> <u>McAnaney v. Astoria Fin. Corp.</u>, 357 F. Supp. 2d 578, 587 (E.D.N.Y. 2005), or a scheme to overcharge mortgagors for legal fees at closing in exchange for kickbacks from the law firm to the lending institution, <u>see</u> <u>Weil v. Long Island Sav. Bank, FSB</u>, 77 F. Supp. 2d 313, 322 (E.D.N.Y. 1999).  Those cases are completely unrelated to the facts of this case.

Study Loan is a student loan.  Whether Defendants have continued to assert this position is irrelevant, as Defendants have not concealed the true nature of the representation or the Bar Study Loan in any way.  Thus, Count Four of the Amended Complaint is barred by the applicable statute of limitations.[11]

Accordingly, this Court must dismiss Count Four of the Amended Complaint with prejudice.

## IV.    <u>Plaintiff Lacks Standing to Raise a Claim for Unjust Enrichment.</u>

Plaintiff's unjust enrichment claim must be dismissed because Plaintiff lacks standing to bring a claim based on Defendants sale of the Bar Study Loan to Square Two.  "To establish Article III standing, a party must show (1) an injury in fact that is actual or imminent rather than conjectural or hypothetical, (2) the injury is 'fairly traceable' to the conduct complained of, and (3) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision." <u>In re Sofer</u>, 507 B.R. 444, 449 (Bankr. E.D.N.Y. 2014) (quotations omitted), <u>aff'd</u> <u>sub</u> <u>nom.</u> <u>Adar 980 Realty, LLC v. Sofer</u>, 14–CV–3031 (ARR), 2014 WL 3890110 (E.D.N.Y. Aug. 5, 2014), <u>aff'd</u> <u>sub</u> <u>nom.</u> <u>In re Sofer</u>, 613 F. App'x 92 (2d Cir. 2015); <u>see</u> <u>also</u> <u>Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 472 (1982).  Further, "[p]rudential standing refers to the requirement that even when the movant has alleged injury sufficient to meet the case or controversy requirement, the movant generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." <u>Sofer</u>, 507 B.R. at 449 (quotations omitted) (alterations omitted).

---

[11]        In the Motion to Dismiss, Defendants also argue that Plaintiff's fraudulent misrepresentation claim, as pled, was barred by the applicable statute of limitations. (<u>See</u> Mot. to Dismiss at p. 10, n. 4.)  This argument was based solely on Plaintiff's misstatement as to when the Bar Study Loan was issued. (<u>See</u> Am. Compl. ¶ 15.)  To the extent the parties agree that the Bar Study Loan was issued in April 2009, Defendants concede that the fraudulent misrepresentation claim would have been timely on March 9, 2009, the date this Adversary Proceeding was filed.

Plaintiff's unjust enrichment claim fails to meet any of the elements of Article III standing.  Plaintiff's allegations state that Defendants made a representation to CACH and various credit reporting agencies that the Bar Study Loan was a student loan (Am. Compl. ¶¶ 59-61), that Defendants sold the Bar Study Loan to CACH and Square Two (Am. Compl. ¶ 62), and that Defendants profited because the representation increased the value of the Bar Study Loan on the secondary market. (Am. Compl. ¶¶ 63-64.)  Plaintiff then makes the conclusory allegation that "Plaintiff has been injured by this practice in an amount to be determined at trial and also requests disgorgement." (Am. Compl. ¶ 65.)  Nothing in the foregoing allegations states (1) the nature of Plaintiff's purported injury, (2) that the injury suffered by Plaintiff is traceable to the sale of the Bar Study Loan, or (3) that disgorging the monies obtained by Defendants in the sale would redress Plaintiff's injury, as required to show Article III standing.  See Sofer, 507 B.R. at 449.

Plaintiff's Opposition attempts to bolster the Amended Complaint by stating that "Plaintiff was injured by being forced to bear the legal and financial consequences of holding, servicing, and having her credit report reflect indebtedness for a fraudulently classified loan," including but not limited to injuries sustained as a result of having to file this Adversary Proceeding. (Opp. Br. at p. 15.)  However, Plaintiff's Opposition further supports Defendants' argument that Plaintiff lacks standing to bring an unjust enrichment claim.  The "injury" purportedly suffered by Plaintiff is completely unrelated to the sale of the Bar Study Loan.  Moreover, disgorging the amount obtained by Defendants in the sale would not redress Plaintiff's alleged "injury."  Thus, Plaintiff lacks Article III standing to raise a claim for unjust enrichment on the facts set forth in the Amended Complaint.

Moreover, Plaintiff clearly lacks prudential standing to raise an unjust enrichment claim against Defendants. The only party that could have been conceivably affected by the representations and sale of the Bar Study Loan would be Square Two, the party who allegedly paid above fair value for the loan. Plaintiff conflates her injury with that of Square Two and attempts to raise a claim for unjust enrichment that undoubtedly lies only with Square Two. See Sofer, 507 B.R. at 450-51. Thus, Plaintiff lacks Article III standing to raise a claim for unjust enrichment on the facts set forth in the Amended Complaint.

Accordingly, Count Seven of the Amended Complaint must be dismissed for lack of standing.

## CONCLUSION

For the reasons stated above, Defendants Citibank, N.A. and The Student Loan Corporation's respectfully request that the Court grant their Motion to Dismiss Plaintiff's Amended Complaint with prejudice.

Dated: New York, New York
      November 13, 2015

                                    */s/ Casey B. Howard*
                                    Casey B. Howard
                                    Samantha Ingram
                                    LOCKE LORD LLP
                                    Three World Financial Center
                                    New York, New York 10281
                                    (212) 415-8600
                                    choward@lockelord.com
                                    singram@lockelord.com
                                    *Attorneys for Defendants Citibank, N.A. and*
                                    *The Student Loan Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I, SAMANTHA INGRAM, an attorney, hereby certify that on this 13th day of November, 2015, a true and correct copy of the foregoing *Reply Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint and in Response to Plaintiff's Opposition and the Amici Opposition to Defendants' Motion to Dismiss* was served via ECF upon all parties registered to receive service via ECF in this case.


*/s/ Samantha Ingram*
Samantha Ingram